No. 26,401.

J. R. ZECHA, *Appellee*, v. CITIZENS STATE BANK OF ELLINWOOD, *Appellant*.

### SYLLABUS BY THE COURT.

BANKS AND BANKING—*Payment of Check—Evidence—Instructions.* In an action against a bank for cashing plaintiff's check without the indorsement of the payee and crediting the proceeds to another, various alleged errors in the trial are considered and held to be without merit.

Appeal from Barton district court; RAY H. BEALS, judge. Opinion filed January 9, 1926. Affirmed.

*William Osmond, Elrick C. Cole* and *T. B. Kelley,* all of Great Bend, for the appellant.

*R. C. Russell,* of Great Bend, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action against a bank for cashing plaintiff's check without the indorsement of the payee. See the former opinion (117 Kan. 287, 230 Pac. 1058) for the general statement of facts. Upon the former appeal it was reversed largely for the reason that there had been no specific finding that Noll had promised to return the money for the stock purchased by plaintiff. On the trial thereafter the jury answered special questions submitted by plaintiff as follows:

"No. 1. Did the plaintiff, J. R. Zecha, execute a check for $2,000 on October 1, 1919, on the Citizens State Bank of Ellinwood, Kan., payable to Sherwood Noll, and leave said check with the officers of said bank, with instructions to deliver the same to Sherwood Noll? A. Yes.

"No. 2. If you answer the first question yes, what was the said check given for? A. Leeward Petroleum Corporation stock.

"No. 3. If you find that the check was given in payment of Leeward Petroleum Corporation stock, purchased of Sherwood Noll, then did Noll guarantee the stock and agree to return the purchase price to Zecha if he was dissatisfied with the same at any time after sixty or ninety days. A. Yes.

"No. 4. Did Sherwood Noll authorize the officers of the defendant bank to deliver said check or any part of the proceeds thereof to any other person other than the payee thereof? A. No.

"No. 5. Was the said check ever delivered to Sherwood Noll or did he ever receive the proceeds of the same? A. No.

"No. 6. Did the plaintiff, J. R. Zecha, use and exercise reasonable dili-

Banks and Banking, 7 C. J. pp. 669 n. 38, 670 n. 42, 43.   Trial, 38 Cyc. pp. 1440 n. 60, 1910 n. 24, 1929 n. 94, 1930 n. 2.

gence in demanding a return of his money after his right to demand it had accrued? A. Yes."

Also, answered special questions submitted by defendant as follows:

"1. Did E. A. Mabes, acting as the agent of Sherwood Noll in October, 1919, receive $2,000 from the plaintiff, for the purchase of the stock afterwards received by the plaintiff? A. He received it from the bank.

"2. Did E. A. Mabes remit to Sherwood Noll the money received for the stock purchased by Dr. Zecha? A. No.

"3. Did the Citizens Bank of Ellinwood receive any benefit from the sale of the stock bought by Dr. Zecha? A. Yes.

"4. Did Sherwood Noll sell the stock in controversy, to J. R. Zecha, either by himself or E. A. Mabes? A. No.

"5. How long after the receipt of the stock in question by J. R. Zecha was it before he demanded the repurchase of said stock? A. About two years."

The general verdict was for plaintiff. Judgment was rendered thereon and defendant has appealed.

Appellant first contends that its demurrer to plaintiff's evidence should have been sustained. We have examined all of appellant's arguments upon this matter and find the evidence ample to go to the jury. We do not deem it necessary to set out the evidence in detail. Appellant complains that certain evidence in behalf of plaintiff was improperly admitted. One is the testimony of plaintiff to a statement made by him to defendant's officers when he was trying to get them to show him to whom they had given credit for his $2,000 check which had not been indorsed by the payee. On motion of defendant the court withdrew this statement from the jury. This did not constitute error. Another objection goes to the testimony of plaintiff giving his conversation with Noll, in which Noll denied making the sale of stock to plaintiff, getting the money for it, and any liability to repurchase the stock. It was proper for plaintiff—in fact, essential to his case—to show that Noll had not sold him the stock, nor received the money for it, and denied liability on a repurchase agreement. His conversation with Noll was proper for that purpose.

Objections are made to the instructions given. We have carefully examined the instructions given and find that, taken as a whole, they fairly presented the issues. Appellant contends that its motion for judgment on the special findings, notwithstanding the general verdict, should have been sustained. It is argued that the answer to special question No. 1, submitted by defendant, is a finding that Mabes received the $2,000 as agent of Noll; but it

is not open to that interpretation when read in harmony with the answers to other special questions and the general verdict. It is argued that there is no evidence to support the jury's answer to special question No. 3 submitted by defendant. This was an immaterial question; its answer one way or the other would not determine the rights of either of the parties in the case. Lastly, it is argued that plaintiff's action was barred by his laches. The jury found plaintiff exercised reasonable diligence, though it was about two years after the stock was delivered before he demanded its repurchase. It was when the next dividend was payable, about a year after plaintiff received the stock, before he discovered its lack of value and had any reason to ask its repurchase. Then some time was consumed in endeavoring to learn who got the money on his check, and the facts pertaining thereto. Perhaps part of the delay was caused by the promise of defendant's officers to help him in the matter. Considering all the evidence pertaining to the matter, we regard plaintiff's diligence a fair question to submit to the jury, and its answer as controlling.

The judgment of the court below is affirmed.